UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JAMES CODY MCMAHON** | **CIVIL ACTION NO. 23-0504** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| | |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff James Cody McMahon, a prisoner at Ouachita Parish Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately April 17, 2023, under 42 U.S.C. § 1983. He names the following defendants: State of Louisiana, Governor John Bel Edwards, Attorney General Jeff Landry, Deputy Ashley Flowers, Deputy Stacy Morrison, the Louisiana Board of Probation and Parole, Officer Corey Bennett, Officer Amanda Peoples, and the Ouachita Parish Sheriff's Office.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

On April 5, 2016, Plaintiff pled "guilty to one count of [Indecent behavior with juveniles under LA. REV. STAT. § 14:81] and was sentenced to 5 years with the last 4 years suspended, 5 years of supervised probation, and to register as a Tier I sex offender for the period of 15 years." [doc. # 17, p. 2].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

"As a part of his sentence[,]" Plaintiff was subject to "registry/notification requirements" under LA. REV. STAT. 15:542.1, which is entitled "Notification of sex offenders and child predators[.]" *Id.* He also states that "portions of Section 542.1 were mandated through conditions of [his] probation and parole." *Id.* "Plaintiff has been subject[] to the requirements since he pled guilty to R.S. 14:81 on April 5, 2016." *Id.* He "will be subject to these community notification requirements as long as he resides in the State of Louisiana and until the duration of his registration period expires." *Id.* at 4.

On about February 20, 2021, Plaintiff's probation was revoked, "causing him to serve a portion of the suspended sentence until his release to parole on October 7, 2022." *Id.*

Plaintiff claims that LA. REV. STAT. 15:542.1, is "facially and as-applied" unconstitutional because it allegedly compels him to speak in violation of the First Amendment. [doc. #s 1, p. 1; 8, p. 3]. He states that Section 542.1, requires him to "register as a sex offender" and "notify the general public of his" name, status as a sex offender, physical characteristics, residential address, and conviction. [doc. # 1, p. 1]. He maintains that his prior conviction and his status as a sex offender are "already available to anyone in the general public through court records . . . and the National Sex Offender Registration Website . . . ." *Id.* He claims that Section 542.1, denies him the "right to refrain from speaking every time he creates and uses a social media account, changes his residence, employment or educational location, if he establishes a business and every five years even if he does not change his residence. [sic]." [doc. # 8, p. 3].

Plaintiff claims that Section 542.1, "burdens other fundamental rights such as finding gainful employment, enjoying lawful everyday activities, and [residing] wherever he chooses." *Id.*

Plaintiff faults all Defendants for enforcing the statute. [doc. # 17, pp. 1-2]. He also faults Governor Edwards for "failing to utilize his power of veto upon the Bill that introduced Section 542.1 into law . . . ." *Id.*

Plaintiff asks the Court to (1) declare that Section 542.1, "unconstitutionally compels speech and is therefore invalid"; (2) enjoin the State from enforcing the statute; (3) remove him from the sex offender registry; (4) advise him if "conditions of parole and probation" unconstitutionally "compel speech in a similar manner"; and (5) award monetary damages. [doc. #s 1, p. 2; 8, p. 4; 17, p. 5].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*. A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state

a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. *Heck v. Humphrey***

The Court should, under *Heck v. Humphrey*, 512 U.S. 477 (1994), dismiss Plaintiff's claims.

A successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 477. Courts assess "whether a claim is temporally and conceptually distinct from the related conviction and sentence." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (internal quotation marks and quoted source omitted). Courts

"ask whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling [it] into question." *Id.* [3]

*Heck* applies in the context of probation and parole. *Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir. 1995) ("*Heck* applies to proceedings which call into question the fact or duration of parole."); *Eaton v. McGee*, 113 F. App'x 9, 10 (5th Cir. 2004) ("Eaton's complaint challenges the validity of his probation revocation and two additional convictions, but he has not shown that the revocation or convictions have been set aside or otherwise called into question. His claims are barred by *Heck* and, thus, have no arguable merit.").

Here, Plaintiff challenges the constitutionality of LA. REV. STAT. 15:542.1. However, the "registry/notification requirements" under Section 542.1, are "a part of his sentence[.]" [doc. # 17, p. 2].[4] Thus, establishing in this proceeding that Section 542.1, is unconstitutional and

---

[3] *See also Mann v. Denton Cty. Texas*, 364 F. App'x 881, 883 (5th Cir. 2010) (recognizing that *Heck* also applies to requests for injunctive and declaratory relief); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

[4] *See State v. Moore*, 847 So. 2d 53, 2003-16 (La. App. 3 Cir. 5/14/03), *writ denied,* 2003-1480 (La. 12/12/03), and *writ denied sub nom. State ex rel. Moore v. State*, 2004-2931 (La. 1/21/05) ("We find, from the statute and legislative purpose, the requirements of registration and notification are an essential part of a convicted sex offender's sentence. He must fulfill these requirements before his sentence can be deemed 'complete' and he is released from all supervision. The requirements are so essential, the statute provides once an individual is *charged* with a sex offense, the court must 'provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.'") (*citing* LA. REV. STAT. § 15:543(A)); LA. REV. STAT. § 15:543(A) ("The court shall provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements . . . . *Such notice shall be included on any* guilty plea forms and *judgment and sentence forms* provided to the defendant[.]") (emphasis added); LA. REV. STAT. § 15:544(A) ("[A] person required to register and provide notification pursuant to the provisions of this Chapter shall comply with the requirement for a period of fifteen years from the date of the initial registration in Louisiana, or

enjoining its enforcement will necessarily imply the invalidity of Plaintiff's sentence. *See Pearson v. Holder*, 2011 WL 13185719, at *5 (N.D. Tex. Apr. 29, 2011), aff'd, 470 F. App'x 305 (5th Cir. 2012) ("The requirement that Pearson register as a sex offender was part of his sentence[.] . . . [A] successful outcome for Pearson would imply the invalidity of his criminal conviction for a sexual offense.") (*citing Savickas v. Walker*, 180 Fed. Appx. 592, 593-94 (7th Cir. 2006) (finding that a challenge to electronic detention as a condition of supervised release was barred by *Heck*); *Bleeke v. Server*, 2010 WL 299148, at *5 (N.D. Ind. Jan. 19, 2010) (finding that *Heck* barred claims relating to parole conditions for a sex offender).[5]

Moreover, "portions of Section 542.1 were mandated through conditions of Plaintiff's probation and parole." [doc. # 17, p. 2]. Thus, prevailing on his challenges to Section 542.1, would necessarily imply the invalidity of both the judgment/sentence imposing his parole and any judgment revoking his parole. *See Adeyinka v. Texas Dep't of Just.*, 2018 WL 3880361, at *1 (S.D. Tex. Aug. 15, 2018) (applying *Heck* where the plaintiff challenged the conditions of his parole requiring him to register as a sex offender and participate in a monitoring program); *Emerson v. Provencher*, 2016 WL 7974655, at *3 (M.D. La. Oct. 4, 2016), report and recommendation adopted, 2017 WL 359188 (M.D. La. Jan. 24, 2017) (finding, where the plaintiff sought relief for "wrongful supervisory conditions[,]" that the plaintiff's claim was *Heck* barred because a judgment in his favor would imply that his "supervised confinement should be curtailed."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) ("A judgment in favor of

---

the duration of the lifetime of the offender as provided in Subsection E of this Section, *unless the underlying conviction is reversed, set aside, or vacated* . . . .") (emphasis added).

[5] *See also Ryals v. Att'y Gen. of Texas*, 608 F. App'x 274, 275 (5th Cir. 2015) ("Ryals's challenge to Midland County's enforcement of the Texas Sex Offender Registration Program is an indirect challenge to his convictions for failing to register as a sex offender, and accordingly, the challenge is barred by *Heck*."); *Hall v. Att'y Gen. of Texas*, 266 F. App'x 355, 356 (5th Cir. 2008).

7

Jackson on his illegal seizure claim would necessarily imply the invalidity of the revocation of his probation and parole. It logically follows that *Heck* applies to Jackson's probation and parole revocation proceedings.") (footnote omitted).[6, 7]

As above, Plaintiff may not seek relief until his conviction, sentence, and resulting conditions of probation and parole are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff does not state that these *Heck* conditions are satisfied. Accordingly, the Court should dismiss his claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff James Cody McMahon's claims be **DISMISSED WITH PREJUDICE**, as frivolous and for failure to state claims on which relief may be granted, until the *Heck* conditions are met.

---

[6] *See also Holson v. Good*, 579 F. App'x 363, 365-66 (6th Cir. 2014) (finding, where plaintiffs challenged parole conditions, that because parole in Ohio "is a part of the original judicially imposed sentence[,]" *Heck* barred the claims because *Heck* bars claims that necessarily imply the invalidity of a plaintiff's sentence); *State v. Moore, supra.* (holding that "the requirements of registration and notification are an essential part of a convicted sex offender's sentence"); *State ex rel. Talbert v. State*, 814 So. 2d 2, 1999-2899 (La. App. 1 Cir. 6/23/00) (observing that in Louisiana, "the time a defendant 'spends on parole or probation is still a part of his sentence since he is in the legal custody of the Department while on parole or probation and subject to custodial supervision at any time.' . . . Thus, a defendant is still serving a sentence while he is on parole.") (internal citations and footnote omitted); *Poindexter v. Rader*, 2011 WL 1193022, at *17 (E.D. La. Mar. 14, 2011), *report and recommendation adopted,* 2011 WL 1152561 (E.D. La. Mar. 28, 2011) ("[U]nder Louisiana law, in instances where the statutory restrictions on parole, probation and suspension of sentence are not recited at sentencing, they are contained in the sentencing statute, and therefore are part of the sentence.").

[7] *See also Santiago v. Martin*, 95 F. App'x 96, 97 (5th Cir. 2004) (finding, where the plaintiff claimed that defendants retaliated and ensured that his parole was revoked, that *Heck* barred the claim); *Carter v. Jenkins*, 550 F. App'x 177, 178 (5th Cir. 2013) ("To the extent that Carter challenges the validity of his parole revocation, the district court's decision determining that such a claim is barred by *Heck* was not erroneous."); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) ("Littles has questioned the validity of the confinement resulting from his parole-revocation hearing, and he has not alleged that the Board's decision has been reversed, expunged, set aside, or called into question, as *Heck* mandates.").

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 24th day of July, 2023.

                                              Kayla Dye McClusky
                                              United States Magistrate Judge